STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. LEWIS DEL DUCA, PLAINTIFF IN ERROR.

Submitted October term, 1933—Decided July 12, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the defendant in error, *William A. W. Grier.*

PER CURIAM.

The writs of error herein bring up the judgments given upon three indictments charging, *inter alia,* that on April 29th, 1932, plaintiff in error and Lena Gatz and Frank Mucci "by night willfully and maliciously did break and enter" the garages of Frank Dalbow, Nelson Emmons and William H. Harris, 3d, respectively, with intent to steal the goods and chattels therein contained. There was a joint trial of the three indictments, by consent, and plaintiff in error was convicted of each of the offenses so charged. The entire record of the proceedings had upon the trial was, under section 136 of the Criminal Procedure act (2 *Comp. Stat., p.* 1863), returned with the bill of exceptions. Error is assigned on the bill of exceptions, and, in addition, there is a specification of causes for reversal, based upon the entire record, pursuant to section 137 of the Criminal Procedure act.

The cause was submitted on briefs, but the brief presented on behalf of plaintiff in error is not signed by a counselor-at-law, and therefore has not been considered, in accordance with rule 161 of this court.

We have, however, considered the assignments of error and the causes for reversal specified, and have reached the conclusion that they are all devoid of merit. The principal point made is that the verdict is contrary to the weight of the evidence, but this is clearly not the case. We do not deem it necessary to discuss the evidence. Suffice it to say, that a consideration of the proofs leads the mind irresistibly to the conclusion of the guilt of plaintiff in error of the several offenses of which he was convicted. Assuming, without deciding, that there was error in any of the trial rulings and instructions complained of, a reversal would not be justified. Plaintiff in error did not thereby suffer manifest wrong or injury.

Judgment affirmed, with costs.